## School Directors of District No. 2, T. 4 N., R. 12, v. Dora Hentz.

1. CONTINUANCE—*Affidavit Not Sworn to by a Party.*—Under Sec. 42 of the Practice Act, requiring an affidavit for a continuance to be made by the party so applying, or his authorized agent, a motion for a continuance based upon an affidavit not sworn to by a proper party as required by the statute, is properly overruled.

2. SAME—*Evidence of Absent Witnesses —Not Material.*—Where the evidence of the absent witnesses as set forth in an affidavit for a continuance is not material under the pleas, the motion is properly overruled.

**Memorandum.**—Assumpsit for teacher's wages. Appeal from the County Court of Lawrence County; the Hon. FRANK C. MESERVE, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

W. F. FOSTER, attorney for appellants.

GEE & BARNES, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

In this case the bill of exceptions does not purport to contain all the evidence introduced at the trial, hence, questions of fact can not be considered by us, but questions of law only remain to be passed upon. Two motions for continuance on account of the absence of witnesses, were made by defendant and overruled by the court. This ruling is assigned for error. The first motion was supported only by the affidavit of one not a party to the suit, or an authorized agent of the party applying for the continuance. Sec. 42 of the Practice Act requires such affidavit to be made by a party so applying, or his authorized agent. After this motion was overruled, and on the same day, the second motion, alleging the same cause, was filed and overruled. This motion was supported by the affidavit of a defendant director. In our judgment the evidence of the absent witnesses as set forth in each of these affidavits was not material or admis-

sible on behalf of the defense under the pleas. The first plea is the general issue. The second plea sets up as a justification for discharging plaintiff as school teacher, that she was not of good moral character, and did not conform to the rules and regulations of the directors and the requirements of the school law, but during said term was guilty of profanity, immorality, improper conduct while in the presence of the children attending school, negligence, incompetency, and violations of said contract and the school laws of this State; for which reasons the defendants, as such directors, discharged her.

The substance of each affidavit is that defendant expects to, and will, prove by the two absent witnesses, that plaintiff was guilty of fornication during the year 1891, but when, or where, or with whom, is not stated. Fornication is not assigned as a reason for discharging plaintiff, nor does the averment, "she was not of good moral character," put her upon notice she will be called upon to meet that charge. The first motion was properly overruled, because the affidavit was not sworn to by a proper party, as required by the statute, and the second motion was properly overruled, because the affidavit was not filed in apt time, under the existing circumstances, and the evidence of the absent witnesses was not material under the pleas.

Sec. 43 of the Practice Act, provides: "Should the court be satisfied such evidence would not be material on the trial of the cause, the cause shall not be continued. The ruling of the court in refusing to give certain instructions on behalf of defendant, is assigned for error. These instructions do not appear set forth in the abstract, nor are any of the instructions given, so set forth, and we decline to search the record for them. It is the duty of counsel who challenge the ruling of the trial court, in giving or refusing instructions, to put them in the abstract." McGillis et al. v. Hogan, 44 App. Ct. Rep. 601.

It is further suggested that the declaration contained a count for services in cleaning school house, which were not recoverable, because the evidence showed the cleaning was

rendered necessary by reason of religious meetings being held in it by permission of the directors. The declaration is not fully abstracted. The count thereof which we presume is referred to, is thus stated in the abstract: "Second count is for an employment to scrub, sweep and clean school house, concerning same period, and for making fires." We are not prepared to hold that school directors can not lawfully employ persons, even teachers, to cleanse school rooms and render them fit for use as such, although the cleansing is rendered necessary by reason of religious meetings being held therein, with the permission of the directors, and have not been referred to any authority sustaining such contention. The judgment in this case was for $72 and costs. It was in proper form, and we find no good reason why it should be reversed. Judgment is affirmed.

### PETITION FOR REHEARING BY APPELLANTS.

PER CURIAM.

The prayer of the petition is for a rehearing, and a revision of the record, and examination of the bill of exceptions, and a reversal of the judgment.

The right to this relief is based upon the assumption that the statements in the bill of exceptions, "Here the plaintiff rested her case," and " The plaintiff then asked the court upon the evidence aforesaid to instruct the jury, and the court did, at the instance of the plaintiff, instruct the jury as follows," sufficiently manifest the fact that the bill of exceptions contains all the evidence, and hence, the expression in the opinion that the bill of exceptions does not purport to contain all the evidence was unwarranted, and for that reason the court should now examine the evidence and decide the case upon the merits.

Without deciding the question as to the meaning and effect of said two statements, we have given petitioners all the benefit that could accrue from granting the rehearing, by making a full and careful examination of said evidence, and reach the conclusion that the evidence justified the ver-

dict and appellee rightfully recovered on the merits. Such being the result of the examination, the granting of a re-hearing is superfluous, as the same conclusion would result if it were granted.

Rehearing denied.